IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| ANTHONY SUBE, DAVID W. BENNER, : <br> and DOUGLAS PERDICK, : <br>  : <br> Plaintiffs, : <br>  : <br> vs. : <br>  : <br> CITY OF ALLENTOWN : <br> and CHIEF ROGER MACLEAN : <br>  : <br> Defendants : | No. 11-5736 <br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO SEVER

AND NOW COME the Plaintiffs, Anthony Sube, David Benner and Douglas Perdick, and file this Memorandum of Law in Opposition to the Motion to Sever filed by the Defendants in the case at bar:

I. **INTRODUCTION**

The Defendant has filed a Motion to Sever in the case at bar. The Plaintiffs oppose said Motion to Sever, for reasons more fully set forth below.

II. **ARGUMENT**

A. **DEFENDANT'S MOTION TO SEVER SHOULD BE DENIED AND DISMISSED**

Federal Rule of Civil Procedure 20 permits a plaintiff to join defendants in one action if there is asserted against them "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The Federal Rules of Civil Procedure strongly encourage joinder of claims, parties, and remedies. United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The Court also has the power to sever parties during any stage of the proceeding and on such terms as are just. Fed. R. Civ. P. 21. "Rulings on the joinder of parties are reviewed for abuse of discretion." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 520 (5th Cir. 2010).

Under Rule 20(a) of the Federal Rules of Civil Procedure, persons may join in one action as plaintiffs if:

> they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Courts consider parties to be misjoined when these requirements are not satisfied. Montgomery v STG International, 532 F. Supp.2d 29, 35(D.D.C. 2008); Disparte v. Corporate Executive Board, 223 F.R.D. 7, 12 (D.D.C. 2004). The remedy for misjoinder is found in Fed. R. Civ. P. 21, which provides in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." M.K. v. Tenet, 216 F.R.D. 133, 137(D.D.C. 2002); Disparte, 223 F.R.D. at 12. The determination of a motion to sever is within the discretion of the trial court. M.K. v. Tenet , 216 F.R.D. at 137;Disparte, 223F.R.D. at 12; Lucas v. Barreto, 2005 WL 607923 *2 (D.D.C. 2005).

When appropriate, the joinder rules result in beneficial economies of scale and judicial efficiency by resolving related issues in a single lawsuit. Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478, 479 (D.N.H. 2002). Therefore, the preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties." Id.  However, the determination of whether parties have been misjoined lies within the sound discretion of the district court.  Id. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. Helm v. Alderwoods Group, Inc., No. C 08-01184 SI, 2010 WL 2219722, at *1 (N.D. Cal. May 28, 2010).

### B. THE PLAINTIFFS HAVE FILED AN AMENDED COMPLAINT

1. The Amended Complaint Meets the Requirements of F.R.C.P. 20(a)

   Initially, the Amended Complaint alleges, inter alia:

2. Sube, Benner, and Perdick were initially hired by the Defendant on or about April 2006 as police officers with the Defendant.

3. Sube, Benner and Perdick held the position of Patrolman with the Defendant. Sube, Benner and Perdick all suffered from mental or physical maladies that affected their ability to do their jobs, and each one of the three was discriminated against due to a bias exhibited by Defendant Roger Maclean, as further described herein.

4. Sube, Benner, and Perdick were qualified for the positions they held with the Defendant and they have an above average work history with the Defendant.

Moreover, there are other common core facts applicable to each Plaintiff. First of all, each Plaintiff incurred harm due to the discriminatory policies of Chief Roger Maclean, as evidenced by the "Doughty File" described in the Amended Complaint. The Amended Complaint clearly delineates a pattern of activity and course of conduct perpetrated by Roger Maclean as part of his overall, underlying loathing of ADA qualifying police officers who request an interactive process or who seek an accommodation.

In fact, it is necessary to join these plaintiffs in order to show how the views and policies of Roger Maclean permeated the chain of command and precipitated a discriminatory effect on each one of the plaintiffs. On March 1, 2011, the Supreme Court decided Staub v. Proctor Hosp., 131 S. Ct. 1186 (2011). In Staub, the Court addressed for the first time the "cat's paw" doctrine of employer liability in discrimination cases. Under the cat's paw doctrine, an employee seeks to hold his employer liable based on the discriminatory intent of a supervisor who was not responsible for making the ultimate employment decision. Staub arose under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Staub, an angiography technician for Proctor Hospital, was a member of the Army Reserves, which required him to attend drill one weekend a month and to train full time for two to three weeks a year.

Mulally, Staub's immediate supervisor, and Korenchuk, Mulally's supervisor, were hostile to Staub's military obligations. Mulally told one department employee that Staub's military duty had been a strain on the department and asked the employee to help Mulally "get rid" of Staub. Korenchuk ridiculed Staub's military service as a waste of time and taxpayer money. In January 2004, Mulally issued Staub a "Corrective Action"

disciplinary warning for purportedly violating a rule requiring him to stay in his work area even when he had no patient. Staub disputed the corrective action claiming there was no such rule and, even if there were, he did not violate it. The Supreme Court held that the animus of Mulally and Korenchuk could be viewed as having been the precipitating reason for the company's actions.

In McKenna v. City of Philadelphia, 649 F.3d 171 (3rd Cir. August 17, 2011), the United States Court of Appeals for the Third Circuit recently applied Staub in a retaliatory discrimination action brought by police officers under Title VII. There, the city argued that the discriminatory animus of one officer's supervisor was not a proximate cause of the termination because an internal adjudicatory process was an intervening and superseding cause. The Court disagreed and held that once the officer established a prima facie case that his termination was motivated by his supervisor's retaliatory animus, it was the city's burden to come forward with evidence that it terminated the officer for reasons unrelated to the supervisor's original biased action in bringing charges against him.

Given these changes in the law, it would be improvident to sever these claims, given the accusations of bias set forth in the Amended Complaint about the palpable and unvarnished bias exhibited by Allentown's Chief of Police.

## III. CONCLUSION

Based upon the foregoing arguments and authorities, Plaintiffs respectfully request your Honorable Court to deny and dismiss the Defendant's Motion to Sever.

                    Respectfully submitted,

                    Donald P. Russo

                    Attorney for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

### CIVIL DIVISION

| | |
|---|---|
| ANTHONY SUBE, DAVID W. BENNER, and DOUGLAS PERDICK, : : : Plaintiffs, : : vs. : : CITY OF ALLENTOWN and CHIEF ROGER MACLEAN : : : Defendants : | No. 11-5736 JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER**

### ORDER

AND NOW, this ____ day of _____, 2012, upon consideration of the Defendants' Motion to Dismiss, and in consideration of the Plaintiffs' Memorandum of Law in Opposition thereto, it is hereby Ordered and Decreed that the Defendants' Motion to Sever is denied and dismissed.

BY THE COURT:

_____ J.